## WOODBURY vs. PARSHLEY.

Where, in an action of trespass *quare clausum fregit*, the plaintiff recovers, but the title not being in question, is limited in his costs ; if the case is reviewed, and upon the second trial the defendant reduces the damages, the plaintiff cannot have full costs of the original suit, even if the title was put in question in the trial upon the review.

If the defendant reviews, and merely succeeds in reducing the damages a small amount, the court in its discretion may limit his costs.

TRESPASS, for breaking and entering the plaintiff's close, in Barrington ; tried upon review.

Upon the trial of the original action, the jury found for the plaintiff, with $5·00 damages ; and the title to real estate not having been drawn in question, the costs were limited to $5·00, and judgment rendered for the plaintiff.

The defendant sued out a writ of review, and the cause being again tried, a verdict was again returned for the plaintiff, but the damages were assessed at $4·00 only.

On this last trial evidence was offered on both sides, and the plaintiff contended that the title of the land was brought in question by the defendant, and thereupon moved that full costs of the original action should be allowed, and taxed for him.

The opinion of the court renders the report of the evidence unimportant.

*Bell, Hale & Woodman*, for the plaintiff, cited 16 *Mass. R.* 448, *Crocker* vs. *Black*.

*Christie & Bartlett*, for the defendant, cited 3 *N. H. Rep.* 401, *Forsaith* vs. *Clogston ;* 3 *Johns. R.* 450, *Otis* vs. *Hall ;* 7 *Mass. R.* 25, *Fowler* vs. *Shearer ; Ditto* 346–348, *Swett* vs. *Sullivan ;* 7 *N. H. Rep.* 178, *Bell* vs. *Bartlett*.

PARKER, C. J. It is not necessary to enquire, in this case, whether upon the last trial the title to real estate was in

Woodbury *v.* Parshley.

question, within the principle of the decisions respecting costs in actions of trespass. If it was so, it cannot entitle the plaintiff to full costs of the original action. The costs of that action were restricted, because the action was originally commenced in the common pleas, the title was not brought in question, and the plaintiff's damages were assessed by the jury at less than $13·33. As the case then stood, he should have commenced his action before a justice of the peace.

We cannot amend that judgment, by striking off the limitation, on account of any thing which may have arisen, subsequently, upon the review. And we cannot enter judgment for the plaintiff, for costs, at this time, because he is not the prevailing party upon the review. The defendant having succeeded in reducing the damages, is entitled to judgment against the plaintiff.

But we can limit the defendant's costs. The statute of June 29, 1829, "to prevent vexatious law suits, and to limit bills of costs," gives the court authority " to limit and allow such bills of costs as law and justice shall require." *N. H. Laws* 324. This seems to be a very proper case for the exercise of the power thus conferred. The plaintiff having recovered five dollars, and having his costs limited, the defendant thought proper to bring the case to another trial, and is again defeated upon the merits, but obtains a reduction of the damages, amounting to one dollar.

The damages were previously so low, that there could be no propriety in instituting a writ of review for the mere purpose of reducing them. If there was no other purpose than that, the defendant's costs ought to be limited, on account of the obvious impropriety of consuming the time of the jury and the county, for so frivolous an object as the mere reduction of even three or four dollars in the amount of damages, where he had been found in the wrong, and justly subjected to some damages. On the other hand, if the review was prosecuted with the purpose of obtaining an

entire reversal of the former verdict, as it probably was, the defendant has been again defeated, the verdict of the second jury concurring with that of the first, that the plaintiff had cause of action. There is no good reason why the defendant should charge the plaintiff with the costs of the litigation in which he has been substantially defeated, because the jury for some reason have made a difference of one dollar in the assessment of the damages.

*Costs limited.*